IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER MALDONADO,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-5189 |
| | : | |
| **CHERL STEBERGER,** | : | |
| Defendant. | : | |

**MEMORANDUM**

**ROBRENO, J.**                                                                                    **JANUARY 10th, 2023**

Plaintiff Christopher Maldonado, a pretrial detainee currently confined at Lancaster County Prison ("LCP"), filed this action alleging violations of his civil rights. Maldonado seeks leave to proceed *in forma pauperis*. For the following reasons, the Complaint will be dismissed without prejudice and Maldonado will be given an opportunity to cure the noted deficiencies by filing an amended complaint.

**I.     FACTUAL ALLEGATIONS**[1]

The factual allegations set forth in Maldonado's Complaint are sparse. He alleges that on June 23, 2022 at 2:45 p.m., he was "punched repeatedly" on the "right side of head, eye, dry tased, knee on my neck, and choke hold around my neck by Sgt. Supervisor Michael Fischer." (Compl. at 5.) Maldonado further alleges that he was punched in his jaw and "had my head swung off cell doors while being [escorted] off the unit." (*Id.*) According to Maldonado, "W. Hinton is a witness and there is Axon body cam recording." (*Id.*) Maldonado claims that he

---

[1] The allegations set forth in this Memorandum are taken from Maldonado's Complaint. The Court adopts the pagination supplied by the CM/ECF docketing system.

suffered a bruised right eye, "bleeding ankles from shackles being excessively tight, swollen right face, [and a] sore jaw." (*Id.*)[2]

Maldonado indicates that he brings claims based on the Eighth Amendment, "Deliberate Indifference" and "Gross Negligence." (*Id.* at 3-4.)  Named as the sole Defendant is Cherl Steberger, who is identified as "Warden" and who is named in her individual capacity. (*Id.* at 2.)  He seeks monetary damages. (*Id.* at 5.)

## II.   STANDARD OF REVIEW

The Court grants Maldonado leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) ("At this early stage of the litigation, [the Court will] accept the facts alleged in [the *pro se*] complaint as true, draw[] all reasonable inferences in [the plaintiff's] favor, and ask only whether [that] complaint,

---

[2] Maldonado has another case pending before this court based on allegations of excessive force. In *Maldonado v. Fischer*, Civ. A. No. 22-3823 (E.D. Pa.), Maldonado asserts that Sgt. Supervisor Michael Fischer violated his constitutional rights by using excessive force against him on "June 25th" at "1355 hrs". (*See* ECF No. 1 at 4-5.)  It is unclear at this time whether the allegations in Civil Action No. 22-3823 and Civil Action No. 22-5189 pertain to the same events.

[3] However, as Maldonado is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

liberally construed, . . . contains facts sufficient to state a plausible [] claim." (internal quotations omitted)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Maldonado is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III.   DISCUSSION

Maldonado asserts claims pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 does not permit recovery for vicarious theories of liability, and liability cannot be predicated solely on the operation of *respondeat superior*. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998). This means superior officers may not be held liable for civil rights violations based entirely on acts taken by their subordinate officers. Instead, in a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *Id.*

Maldonado names as the sole Defendant Cherl Steberger whom he identifies as Warden. (Compl. at 2.) Maldonado, however, has pled no facts connecting Warden Steberger to the events about which he complains.[4] Indeed, Maldonado seeks damages "for excessive injuries caused by Sgt. Supervisor Michael Fischer." (*See id.* at 5.)

---

[4] In the section of the Complaint pertaining to the grievance process, Maldonado indicates that the Warden denied his appeal. (*See* Compl. at 7.) The denial of the appeal is not, without more, a basis for Warden Steberger's personal involvement in the alleged underlying constitutional

3

To the extent that Maldonado seeks to bring a claim against Warden Steberger based on Steberger holding a supervisory position, Maldonado has not stated a plausible claim. There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.* "Although a court can infer that a defendant had contemporaneous knowledge of wrongful conduct from the circumstances surrounding a case, the knowledge must be actual, not constructive." *Chavarriaga v. New Jersey Dept. of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (citing *Baker v. Monroe Twp.*, 50 F.3d 1186, 1194 (3d Cir. 1995); *Rode*, 845 F.2d at 1201 n.6). Generalized allegations that a supervisory defendant is "in charge of" or "responsible for" an office or facility are insufficient to allege personal involvement in an underlying constitutional violation. *See Saisi v. Murray*, 822 F. App'x 47, 48 (3d Cir. 2020) (*per curiam*); *see also Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)).

---

violation. *See Folk v. Prime Care Med.*, 741 F. App'x 47, 51 (3d Cir. 2018) (*per curiam*) ("Although some of these defendants were apparently involved in responding to some of Folk's prison grievances, there are no allegations linking them to the underlying incidents and thus no basis for liability based on those later grievance reviews.").

Maldonado has presented no allegations pertaining to Warden Steberger, much less that she established and maintained a policy, practice, or custom with deliberate indifference that caused constitutional harm or knowingly acquiesced in constitutional violations committed by her subordinates.  In sum, Maldonado has not adequately alleged that Warden Steberger can be held legally responsible for the acts allegedly taken by Sgt. Fischer.

## IV.     CONCLUSION

Because Maldonado cannot maintain a vicarious liability claim against Warden Steberger, and because Maldonado has not alleged a plausible supervisory liability claim against Warden Steberger, Maldonado's § 1983 claims will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Maldonado will be given an opportunity to correct the defects in his claims by filing an amended complaint.  Any amended complaint must clearly describe the factual basis for Maldonado's claims and how each defendant was personally involved in the alleged denial of his constitutional rights.  An appropriate Order follows, which provides further instruction as to amendment.